# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MEGAN PASTIAN, | Case No. 3:17-cv-00252 |
| Plaintiff, | Magistrate Judge Sharon L. Ovington |
| vs. | (by full consent of the parties) |
| INTERNATIONAL CREDIT SYSTEMS, INC., et al., | |
| Defendants. | |

## DECISION AND ENTRY

Plaintiff Megan Pastian challenges in her amended complaint Defendants' conduct in connection with a gym membership. In response, the gym, Defendant EveryBody Fitness (Defendant), asserts various counterclaims including an abuse-of-process counterclaim. Pastian presently seeks dismissal of this counterclaim (Doc. #s 25, 27). Defendant opposes dismissal (Doc. #26).

Because Pastian attacks Defendant's counterclaim as it is pled, Rule 8(a) and 12(b)(6) standards apply. Rule 8(a)(2) requires Defendant to assert a "short and plain statement of the [counter]claim showing [it] is entitled to relief…." This Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-[opposing-party]-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting, in part, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted).

In the presence of Pastian's Rule 12(b)(6) motion, the Court accepts Defendant's

well-pleaded facts as true and construes its counterclaim in its favor. *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 713 (6th Cir. 2013). The counterclaim will withstand Pastian's Rule 12(b)(6) Motion as long as Defendant alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when its factual allegations allow "the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' in pleading a claim." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 734 (6th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). And the counterclaim "falls short if [it] pleads facts 'merely consistent with [the opposing party's] liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct....'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting, in part, *Iqbal*, 556 U.S. at 678).

Pastian contends that Defendant's abuse-of-process counterclaim must be dismissed under Fed. R. Civ. P. 12(b)(6) because Defendant fails to allege facts sufficient to raise a plausible abuse-of-process counterclaim. Defendant argues that dismissal is unwarranted because its abuse-of-process counterclaim is a distinct tort recognized under Ohio law and because its allegations, and the allegations in Pastian's amended complaint, support an abuse-of-process counterclaim.

Defendant is correct that Ohio law recognizes a distinct tort of abuse of process. *See Yaklevich v. Kemp, Schaeffer, & Rowe Co. et. al.,* 68 Ohio St.3d 294, 298 (1994)).

2

To assert an abuse-of-process claim under Ohio law, Defendant must allege facts that, when accepted as true, plausibly demonstrate three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (quoting *Yaklevich,* 68 Ohio St.3d at 298).

Defendant does not presently contend that Pastian's act of filing the instant case falls short of satisfying the first element. Rather Defendant seems to acknowledge the first element is satisfied, at least for present purposes. This is seen in the counterclaim itself in which Defendant states, "Upon information and belief, Plaintiff initiated the legal action against EveryBody Fitness in proper form and with probable cause." (Doc. #26, *PageID* # 103).

As to the second and third elements of its abuse-of-process counterclaim, Defendant asserts:

> 34. Plaintiff has pursued this action against EveryBody in an attempt to accomplish Plaintiff's ulterior or improper purpose for which the lawsuit was not designated.
>
> 35. In filing this action against EveryBody Fitness, Plaintiff is attempting to force EveryBody Fitness to release her from a lawful contract and surrender its right to payment of over $3,700, plus interest, which Plaintiff rightfully owes EveryBody Fitness. Plaintiff is also attempting to wrongfully force EveryBody Fitness to pay her unreasonable legal fees alleged incurred in pursuing and maintaining this action.

3

> 36. Plaintiff intentionally or willfully used the legal process with the purpose of harassing and injuring EveryBody Fitness.
>
> 37. As a direct and proximate result of Plaintiff's wrongful use of the legal process for her ulterior purpose, Everybody Fitness has otherwise suffered and continues to suffer damages ….

(Doc. #18, *PageID*#s 103-04).

The facts alleged throughout Defendant's counterclaims, *see* Doc. #18, *PageID* #s 101-04, including (but not limited to) those advanced in paragraphs 34-37, fail to plausibly assert the second element of an abuse-of-process claim. To adequately plead the second element, Defendant's facts must indicate that Pastian took a "further act in the use of process not proper in the regular conduct of the proceeding." *Lech v. Third Federal Savings*, 1:13cv518, 2014 WL 12647016, at *4 (S.D. Ohio 2014) (Watson, D.J.) (citations omitted). "Under Ohio law, if one uses process properly, but with a malicious motive, there is no abuse of process." *Gliatta v. Tectum, Inc.,* 211 F. Supp. 2d 992, 1010 (S.D. Ohio 2002) ("The key to the tort of abuse of process is the purpose for which process is used once it is issued.") (internal quotation and citation omitted); *see Hahn v. Star Bank,* 190 F.3d 708, 718 (6th Cir. 1999) ("[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.").

The Ohio Supreme Court has cogently explained:

> In an abuse of process case, "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Prosser & Keeton on Torts (5 Ed.1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court

is itself powerless to order.

*Robb v. Chagrin Lagoons Yacht Club, Inc*., 75 Ohio St.3d 264, 271 (1996). *Robb* provides an example of an improper purpose. The plaintiffs in *Robb* brought a case "with the intention to use it as a club to coerce the membership [of a Yacht Club] to vote in their favor [regarding the plaintiffs' membership]. Clearly, the trial court had no authority to order club members how to vote." *Id*. No similar improper purpose—one this Court lacks the authority to order—appears in Defendant's counterclaims or in Plaintiff's amended complaint. Pastian instead seeks damages, non-economic damages, and reasonable attorney fees against Defendant for its purported violations of Ohio statutory law. *See* Doc. #15, *PageID* #s 84-85. Such relief is potentially available to Pastian and within the Court's authority to grant (upon proper proof, of course). *See e.g.,* Ohio Rev. Code §§ 1345.09(B), (F).

Defendant finds Pastian's improper motive in her failure to explain why she did not simply cancel her gym-membership contract with Defendant, as allowed by the terms of the contract; why she has offered no explanation as to why she did not inform Defendant that she did not want personal-training services; why she did not even attempt to send Defendant any notice of her cancellation until June 2017; and, why she waited six months to tell Defendant that she no longer wanted to be a member. Defendant also points to the fact that Pastian simply cancelled her credit card rather than properly informing Defendant of her desire to cancel her membership.

Accepting these allegations as true and construing Defendant's counterclaim in its favor does not reveal that Pastian had an improper motive in filing and litigating the

5

present case. The facts on which Defendant relies go to the merits of Pastian's claims. Even if her claims against Defendant ultimately lack merit, its counterclaim and other allegations in the pleadings fail to raise a reasonable inference that she took a "further act in the use of process not proper in the regular conduct of the proceeding." *Lech*, 1:13cv518, 2014 WL 12647016, at *4. There are, moreover, only conclusory statements in Defendant's counterclaim, *see* Doc. #18, *PageID* #s 103-04, ¶s 34-37, and no facts asserted in support of Defendant's counterclaim that "plausibly imply that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed." *Voyticky*, 412 F.3d at 677. Indeed, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Hahn,* 190 F.3d at 718 (citing *Yaklevich*, 68 Ohio St.3d at 298 n.2).

Defendant also missteps by relying on *Clermont Environmental Reclamation Co. v. Hancock*, 16 Ohio App.3d 9, 12-13 (1984), a pre-*Iqbal-Twombly* case based on Ohio procedural law. Federal procedural law applies in the present case. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938)) (other citation omitted). Consequently, the discussion of the Ohio Rules of Civil Procedure in *Clermont Environmental* does not apply in the present case. Defendant, moreover, points to the explanation in *Clermont Environmental* that discusses the staff notes to Ohio R. Civ. P. 8. As Defendant indicates, those staff notes state, "'a party has many discovery options for exposing the precise facts upon which allegations in the complaint are based and, if the pleadings are a sham, he may

6

resort to summary judgment pursuant to Civ. R. 56.'" *Clermont Environmental*, 16 Ohio App.3d at 13. But, *Iqbal* rejected this approach: "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. In light of this, Defendant's failure to plead a plausible abuse-of-process claim also fails to "unlock the doors of discovery…" for Defendant to pursue evidence concerning that implausible claim. *See id*.

Defendants further claim that "it is simply not required to detail exactly how the Plaintiff has abused process." (Doc. #26, *PageID* #139). This is correct in that Rule 8 "does not require 'detailed factual allegations….'" *Iqbal*. But this does not help Defendant avoid Rule 12(b)(6) dismissal because Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678 (citations omitted). Here, hypotheticals are informative: Defendant could have alleged—keeping Rule 11 in mind—facts indicating that Pastian sought relief unavailable in this Court or took some "further act in the use of process not proper in the regular conduct of the proceeding." *Lech*, 1:13cv518, 2014 WL 12647016, at *4. Having not done so, and having instead raised only conclusory allegations in support of its abuse-of-process counterclaim, this counterclaim is subject to Rule 12(b)(6) dismissal.

Accordingly, Plaintiff's Motion to Dismiss Counterclaim is well taken. Further, because Defendant voluntarily dismissed, without prejudice, Count Two of its counterclaim (Doc. #24), Defendant's single pending counterclaim is Count One (breach of contract).

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motion to Dismiss Counterclaim of Defendant EveryBody Fitness, LLC (Doc. #25) is granted.


February 23, 2018                            *s/Sharon L. Ovington*
                                             Sharon L. Ovington
                                             United States Magistrate Judge