IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN PASTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 3:17-cv-00252-SLO |
| v. | ) |
| | ) |
| INTERNAL CREDIT SYSTEMS, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On March 30, 2020, this Court ordered the parties to submit briefs on the issue of standing as it relates to the case of *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855 (6th Cir. 2020) given that the opinion was issued after the close of briefing. The scope of this supplemental brief is to analyze *Buchholz* and explain why it supports Defendant's position that Plaintiff lacks standing.

The *Buchholz* court examined the question of whether a plaintiff in an FDCPA case could adequately plead standing for a procedural violation that allegedly cause no more than emotional damages. *Buchholz, PA*, 946 F.3d at 863-70. It found that the emotion injury in that case was not an injury-in-fact, and the purely procedural violation of the FDCPA was also not an injury-in-fact. *Id.* at 866, 870.

Standing has three elements: The plaintiff must allege she (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 861 (citing *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016)). Plaintiff carries the burden of establishing all three elements at the pleadings stage. *Id.* The injury-in-fact must be both "'(a) concrete and

particularized, ... and (b) actual or imminent, not conjectural or hypothetical[.]'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted)).

A concrete injury is "real and not abstract." *Id.* (quoting Spokeo, 136 S. Ct. at 1548). Plaintiff claims to have suffered the following injuries:

> ICS's violations of the FDCPA caused Ms. Pastian to suffer from emotional distress, manifesting itself in sleepless nights, fear of jailtime, anxiety, and stress.
>
> ICS's violations of the FDCPA forced Ms. Pastian to incur the expense of legal counsel to compel ICS to stop their harassment.
>
> ICS's violations of the FDCPA forced Ms. Pastian to incur the expense of legal counsel to brings these claims.

Doc. #15 (First Am. Compl.) ¶¶ 125-27.

Plaintiff's pleaded emotional damages (¶ 125) and two types of economic damages (¶¶ 126-27). Plaintiff has the burden to sufficiently plead standing and to do so for all of his claims. The Court summarized Plaintiffs claims as the following:

1. falsely implying the existence of a legal action against her in Lachman's first voicemail message;

2. failing to identify itself as a debt collector in the first and second voicemail messages;

3. misrepresenting the character and amount of alleged debt it was trying to collect from her in the collection letter dated May 31, 2017;

4. threatening to negatively affect her credit; and

5. ICS's outrageous conduct during the two phone calls, including the use of obscene or profane language and threatening her with possible jail time if she did not pay the debt.

Doc. #61 at 9.

At the pleading stage, the Court must take as true Plaintiff's claim that she "suffered emotional distress." *See* Doc. #15 ¶ 125. The *Buchholz* court explained, though, "'general emotional "harm," no matter how deeply felt, cannot suffice for injury-in-fact for standing purposes.'" *Buchholz, PA*, 946 F.3d at 861-62 (quoting *Humane Society of United States v. Babbitt*, 46 F.3d 93, 98 (D.C. Cir. 1995) (citing *Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 619–20, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007) (Scalia, J., concurring in the judgment) (Courts should reject the "conceptualizing of injury in fact in purely mental terms[.]"). Emotional distress is an injury-in-fact unless the alleged wrongdoing is "extreme and outrageous" *and* the emotional harm must be "severe." *Buchholz, PA*, 946 F.3d at 864.

In this case, the alleged emotional distress equates to "sleepless nights, fear of jailtime, anxiety, and stress." Doc. #15 ¶ 125. These types of claimed damages do not rise to an injury-in-fact because they are not severe. Plaintiff must meet the pleading standard for each of the five FDCPA violations he alleged. First, falsely implying the existence of a legal action against Plaintiff is not so "extreme and outrageous" as to meet the definition of injury-in-fact. For these reasons, Plaintiff fails to satisfy the injury-in-fact pleading requirement as to the first claim.

Plaintiff's Second allegation is that Defendant failed to identify itself as a debt collector in the first and second voicemail messages, but that is nothing more than a mirror procedural violation that does not give rise to concrete harm and is neither extreme nor outrageous. For these reasons, Plaintiff fails to satisfy the injury-in-fact pleading requirement as to the second claim.

Plaintiff's third allegation Defendant misrepresented the character in amount of the alleged debt is again hardly extreme or outrageous that could justify a severe emotional distress. For these reasons, Plaintiff fails to satisfy the injury-in-fact pleading requirement as to the third claim. Plaintiff's fourth allegation that Defendant threaten to negatively affect her credit is procedural

nature, reflects nothing but a speculative future harm that is rarely cognizable, and is neither extreme, outrageous, or reasonably capable of manifesting severe emotional distress. For these reasons, Plaintiff fails to satisfy the injury-in-fact pleading requirement as to the fourth claim.

Plaintiff's fifth type of alleged FDCPA violations, that ICS used obscene and profane language and threatened Plaintiff with possible jail time she not pay her debt, is where Plaintiff comes closest to satisfy the requirements of this being an injury-in-fact. Where Plaintiff falls short, is that even if the language and alleged threat itself was enough to be extreme and/or outrageous, Plaintiff has still not pleaded a severe harm or reaction arising from this alleged behavior. Ugly language is, sadly, not abnormal in everyday life. Plaintiff has pleaded no corroborating facts claiming to suffer from severe emotional distress.  Plaintiff did not claim bodily injury or even allege she sought medical attention for her emotional distress. As for the threat of jail time, she must have known that was not possible after consulting her attorney and before filing her claim against ICS.  If true, that claim of *possible* jail time and was certainly not impeding or immediate enough to be considered an injury-in-fact. *See Buchholz, PA*, 946 F.3d at 865 (threat of litigation was not "certainly in pending" when Buchholz filed his complaint).

Plaintiff's half-hearted attempted to assert money damages fails to give her standing because those are self-imposed injuries.  She claims to have incurred expenses of legal counsel to stop the harassment and to bring these claims. Doc. #15 ¶¶ 125-27.  These allegations fail to establish standing based on economic loss because they are self-imposed injuries. Plaintiff "'cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Buchholz, PA*, 946 F.3d at 865 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013)).

Plaintiff cannot manufacture standing by paying money to a lawyer to file this case. If so, every Plaintiff in every case would have standing because simply paying anything to have a case filed would be sufficient. *Clapper* makes clear parties like Plaintiff cannot establish standing so easily.  Furthermore, the facts alleged make no indication Plaintiff had her counsel ask ICS to cease any conduct before the case was filed. Plaintiff paid money (allegedly) to an attorney to file a lawsuit. That cannot meet the pleading requirements for standing.

Plaintiff cannot plead that his emotional distress equates to an injury-in-fact, and the procedural violation on its own also fails to be an injury-in-fact because the violation was a conduct *Buchholz, PA*, 946 F.3d at 865 (quoting "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46, cmt. d (1965). Therefore, Defendant Internal Credit Systems, Inc. respectfully requests this Court to find Plaintiff failed to properly plead standing, find it lacks subject matter jurisdiction to proceed with this case, and to dismiss Plaintiff's claims without prejudice.

    Respectfully submitted,

    **INTERNAL CREDIT SYSTEMS, INC.**

    By: /s/ Dennis J. Barton III
    Dennis J. Barton III, #55176MO
    The Barton Law Group, LLC
    17600 Chesterfield Airport Rd., St. 201
    Chesterfield, MO 63005
    Phone: (636) 778-9520
    Fax: (636) 216-6004
    dbarton@bartonlawllc.com
    Attorney for Defendant Internal Credit Systems

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2019, a true and accurate copy of the foregoing was served to all counsel of record through CM-ECF.

/s/ Dennis J. Barton III