IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN PASTIAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 3:17-cv-00252-SLO ) ) |
| INTERNAL CREDIT SYSTEMS, INC., *et al.* | ) ) ) |
|     Defendants. | ) ) |

**DECLARATION OF DENNIS J. BARTON III IN SUPPORT OF
HIS MOTION TO WITHDRAW AS COUNSEL**

I, Dennis J. Barton III, under penalty of perjury, do hereby declare the following is true and correct upon oath, and duly sworn, and states as follows:

1. I am an individual over the age of 21, and I reside in the State of Missouri.

2. I am the Owner of The Barton Law Group, LLC ("BLG"), located in St. Louis County, Missouri.

3. In the case of *Megan Pastian v. Internal Credit Systems, Inc., et al.*, case number 3:17-cv-00252-SLO ("Case"), I represent named-defendant Internal Credit Systems, Inc. ("ICS") ("Defendants" or "ICS").

4. On September 10, 2014, I, on behalf of BLG, signed a legal representation agreement with Defendant wherein BLG would provide legal services to Defendant for an hourly rate plus reimbursement of expenses, including court costs ("Agreement").

5. The Agreement applies to any legal services BLG performs independent of a specific case.

6. I have also represented ICS in many other cases since 2014.

7. As of January 13, 2020, ICS's outstanding balance had grown to $9,511.00.

8. As of April 8, 2020, the outstanding balance grew to $13,698.50.

9. As of May 14, 2020, the outstanding balance had grown to $16,476.00.

10. Approximately four months ago, I sent ICS a letter dated May 14, 2020 ("May 14 Letter").  It contained an invoice for services performed in April 2020 and an explanation of the outstanding fees and expenses.

11. The May 14 Letter also included a payment plan I proposed to allow ICS to pay its outstanding debt over the following three months.

12. I further stated in the letter I would file a motion to withdraw as counsel in this case if ICS did not agree to the payment plan.

13. On May 15, 2020, Ted Lachman, owner of ICS, emailed me saying, "I can do 2000 a month for the next 6 months to catch it all up before you have to do more work."

14. Foreseeing that response, my May 14 Letter specifically rejected that payment arrangement because it would take more nine months to pay what was outstanding at that time without regard to ongoing billing that was often more than $2,000 a month.

15. ICS's proposal would result in ICS falling further behind or, at a minimum, not significantly reducing the outstanding balance in a way that it would be fully paid in the near future.

16. On May 20, 2020, in an attempt to compromise, I emailed Mr. Lachman, agreeing to: (1) monthly payments of $2,000 given the COVID-19 circumstances but only for the months of May, June, and July 2020; (2) the $2000 payments would commence May 28, 2020 with the two subsequent payments to be made no later than June 28, 2020 and July 28, 2020, respectively; and (3) starting on August, 28, 2020, ICS needed to increase its monthly payments to $5,000 with

subsequent monthly payments due on the twenty-eighth of each month there after until the outstanding debt is paid in full.

17. Between May 14 and August 8, 2020, ICS sent three payments of $2,000 in compliance with the payment arrangement for May, June, and July.

18. ICS has not made a single payment since the $2,000 July payment, which was approximately three months ago.

19. Even back in 2019, ICS developed a pattern of paying only $1,000 or $2000 a month. Those payments were often insufficient to keep pace with ongoing fees and expenses, which is why ICS had an almost $10,000 outstanding balance at the beginning of the year that continue to grow in 2020.

20. On August 8, 2020, ICS's outstanding balance totaled $14,137.50.

21. On August 21, 2020, I emailed a letter to Ted Lachman of ICS ("August 21 Letter").

22. The August 21 Letter stated, "[i]f my firm does not receive a partial payment of $5,000 by August 31, 2020, in addition to filing a motion to withdraw from the case, I will start charging 9% statutory interest pursuant to Missouri law as to your outstanding balance relating to all pending charges."

23. The August 21 Letter further stated, "[i]n addition, after receipt of the $5,000 by or before August 31, 2020, ICS must make monthly payments of no less than $4,000 to my firm until ICS has no outstanding balance. After that, ICS must pay the monthly invoices timely and in full. If these conditions are not met, my firm will file a motion to withdraw as the attorney in this case as to ICS and Clayton."[1]

---

[1] The reference to "Clayton" refers to another company in another case BLG represents and for which ICS agreed to be financially responsible. That company is not a defendant in this case.

24. As of September 14, 2020, after adding charges for August 2020, ICS's outstanding balance increased to $15,709.50.[2]

25. On September 14, 2020, I sent another letter to Ted Lachman of ICS stating, "I will be filing a motion to withdraw as counsel for ICS unless my office receives a payment in the amount of $5,000 by end of business Thursday, September 17, 2020.""

26. The following table is a summary of the fees billed and the amounts paid in 2020:

| Months | Invoice amounts | Client payments |
|---|---|---|
| January | $6,187.50 | $2,000.00 |
| February | $0.00 | $0.00 |
| March | $0.00 | $0.00 |
| April | $2,777.50 | $0.00 |
| May | $330.00 | $2,000.00 |
| June | $1,237.50 | $2,000.00 |
| July | $2,094.00 | $2,000.00 |
| August | $1,375.00 | $0.00 |
| September | $0.00 | $0.00 |
| October | $0.00 | $0.00 |
| November | $196.00 | $0.00 |
| **2020 New Fees/Expenses** | **$14,197.50** | **$8,000.00** |
|  |  |  |
| **2020 Beginning Balance** | $9,511.00 |  |
| **2020 New Fees/Expenses** | $14,197.50 |  |
| **2020 Client Payments** | ($8,000.00) |  |
| **Total Outstanding Balance** | **$15,709.50** |  |

27. On October 6, 2020, ICS said it would only agree to pay $500 a month. At that rate, it will take thirty-two (32) months for ICS to pay just the current balance, which does not

---

[2] Due to a clerical error, the September letter contained incorrect balance totals. Upon discovering those on October 7, 2020, I emailed ICS a revised letter with the correct balance. Given that ICS has not made a payment since July 2020, it suffered no prejudice.

include the substantial time and expense to complete the litigation of this case.

28. In the most recent attempt to avoid filing this motion, I again exchanged emails with Ted Lachman this month informing him about the Court's ruling on Plaintiff's Motion for Summary Judgment, asking if ICS was going to pay the outstanding balance, and informing it I would file a motion to withdraw if it did not.

29. Mr. Lachman's response did not answer the question or imply the ability or desire to pay any amount toward the outstanding balance or future fees and costs.

30. Future legal fees will arise from a time-intensive trial.

31. If required to remain as counsel for Defendant, I believe it is highly unlikely Defendant will pay any portion of the outstanding balance or the ongoing attorney's fees and legal expenses.

32. In addition to not being compensated for my substantial time investment, litigating this case will deprive me of time and resources needed to be allocated toward other cases and other clients.

33. BLG is a one-lawyer firm with a heavy workload. Time devoted to this case while not being paid has a substantial opportunity cost compared to being paid for that same amount of time in cases for which I receive compensation from my clients.

34. In my conversations and/or emails with Ted Lachman, he has conveyed nothing but entitlement to my services without any regard or apology for his failure to pay. ICS has not consented to this motion.

35. Because the Agreement, emails, and invoices referenced within this affidavit contain proprietary information and/or information that could be construed as protected by the attorney-client privilege or work product doctrine, I will provide any documents the Court wishes

to see in camera rather than filing them unless the Court issues an order instructing me to file them. That way the Court would have the ability to review the documents without Plaintiff's counsel seeing them as well.

36. I have personal knowledge of all statements made herein, and I am willing and able to testify as to these statements in Court if necessary.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 29, 2020.

By: _____
Dennis J. Barton III