# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MEGAN PASTIAN, | : | Case No. 3: 17- cv-252 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| INTERNAL CREDIT SYSTEMS, INC., *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ORDER

This matter is before the Court *sua sponte* with regard to the April 2, 2021 Decision and Order that ordered Defendant Internal Credit Systems to have new counsel appear on its behalf by no later than May 2, 2021. (Doc. #74). In light of said Defendant's failure to comply with that order, the Clerk of Courts is directed to enter Defendant ICS's default in accordance with Fed.R.Civ.P. 55(a).

## **FACTUAL & PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS**

On July 28, 2017, Plaintiff Pastian filed her complaint for money damages against ICS and one other defendant,[1] alleging that defendants' attempts to collect gym membership fees from her violated the federal Fair Debt Collection Practices Act, Ohio's Consumer Sales Practices Act, and Ohio's Prepaid Entertainment Contract Act. (Doc. #1). Plaintiff subsequently amended that complaint but retained essentially the same claims.

---

[1] That other defendant was dismissed with prejudice on July 30, 2018. (Doc. #35).

(Doc. #15). The Court later granted partial summary judgment in favor of Plaintiff as to portions of her second and fourth FDCPA claims, and dismissed her first FDCPA claim for lack of standing and jurisdiction. (Doc. #65). Plaintiff's other claims remain unresolved, and damages have not yet been assessed.

On September 4, 2018, the Court permitted ICS's original attorney to withdraw (Doc. #39), for reasons provided in an affidavit filed under seal, but attributable to the actions of ICS and its principal. (*See* Docs. #36, 37). In its April 2, 2021 Decision and Order, the Court also permitted ICS's subsequent attorneys to withdraw, due to ICS's accumulated unpaid legal fees. (Doc. #74). In doing so despite Plaintiff's stated concerns about additional delays in this case that has been pending for nearly four years (*see* Doc. #69, pp. 1-2), the Court specifically ordered ICS "to obtain new trial counsel within 30 days after the date of this Order," and cautioned ICS that "[f]ailure to have new counsel appear on [its] behalf by the stated deadline may result in the entry of default judgment in Plaintiff's favor as to her remaining claims." (*Id.*).

The stated deadline of May 2, 2021 has passed without an appearance by new counsel or any other response from ICS.

## APPLICABLE LAW

As noted in the Court's previous order (*see* Doc. #74, p. 6), corporate entities such as ICS may not proceed *pro se*. See *State Auto Ins. Co. v. Thomas Landscaping & Const., Inc.*, 494 Fed. App'x 550 (6th Cir. 2020); *Baker v. Bensalz*, No. 1:18-cv-757, 2020 WL 1083606, fn.3 (S.D. Ohio March 3, 2020); *Zobele Mexico, S.A. DE C.V. v. TSS Technologies, Inc.*, No. 1:18-cv-596, 2019 WL 1130752, *2 (S.D. Ohio Feb. 13, 2019) ("It

is insufficient for a person to attempt to represent a corporation as an officer of the corporation.") (citation omitted).

Pursuant to Fed.R.Civ.P. 51(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to * * *defend," an entry of default is merited. This Court previously has found that default judgment is an appropriate remedy when a corporate defendant "has failed to secure counsel or otherwise respond to the Court's Orders." *Dill v. Willowbrook Foods, LLC*, No. 1:12-CV-525, 2013 WL 12123857, at *1 (S.D. Ohio June 4, 2013), citing *Wilen v. Alternative Media Net, Inc.*, No. 03CIV2524(RMB)(JCF), 2005 WL 167589, at *2 (S.D.N.Y. 2004) and *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975).

The Court determines that the entry of judgment by default against Defendant ICS is particularly warranted here, where what should have been a relatively straightforward lawsuit has been unduly protracted due to delays attributable in large part to ICS. Furthermore, in light of prior representations by ICS's former counsel that ICS "is done defending this case" and that Plaintiff therefore would "obtain a default judgment on the day of trial" (*see* Doc. #39, Exh. A), ICS apparently cannot claim to have been prejudiced by this expedited route to that outcome.

## CONCLUSION

IT THEREFORE IS ORDERED that:

1. The Clerk of Courts is DIRECTED to enter Internal Credit Systems, Inc.'s default pursuant to Fed.R.Civ.P. 55(a); and

2. Plaintiff Megan Pastian is DIRECTED to apply to the Court pursuant to Fed.R.Civ.P. 55(b)(2)(B) for a determination of the amount of damages owing.

The Clerk of Court further is DIRECTED to mail a copy of this Order to Defendant Internal Credit Systems, Inc. at the following two addresses:

>P.O Box 52088
>Durham, NC 27717
>
>c/o Dennis M. O'Neil
>2356 Worthing Woods Boulevard
>Powell, OH 43065

May 5, 2021                                         *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge