# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MEGAN PASTIAN, | : | Case No. 3: 17-cv-252 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| INTERNAL CREDIT SYSTEMS, INC., | : | |
| Defendant. | : | |

## DECISION, ORDER AND ENTRY OF JUDGMENT

This matter is before the Court on Plaintiff Megan Pastian's Application for Damages and Award of Attorneys Fees and Costs. (Doc. #79). Defendant Internal Credit Systems, Inc. ("ICS") has failed to respond in opposition to that document.

For the reasons that follow, Plaintiff's Application for Damages and Award of Attorneys Fees and Costs (Doc. #79) is granted in part; Plaintiff is awarded statutory damages in the amount of $1,000, emotional distress damages in the amount of $10,000, and attorneys' fees and costs in the amount of $60,310.86; and judgment is entered in favor of Plaintiff and against Defendant ICS in the amount of $71,310.86.

### Factual & Procedural Background/the Parties' Claims

This protracted litigation arose from efforts by Internal Credit Systems, Inc. to collect gym membership fees from Plaintiff Pastian after she briefly joined EveryBody Fitness, LLC[1] in Troy, Ohio. (*See* Doc. #1). According to Plaintiff's amended complaint, ICS's collection tactics violated the provisions of the federal Fair Debt Collection Practices Act ("FDPA"), the Ohio Consumer Sales Practices Act ("OCSPA"), and other applicable laws. (Doc. #15). After repeated delays occasioned in large part by the successive withdrawal of ICS's attorneys (*see, e.g.*, Docs. # 39, 74), this Court entered judgment by default against ICS on May 5, 2021. (Docs. #75, 76).

Plaintiff now seeks an award under U.S.C §1692k(a)(2)(A) of statutory damages in the amount of $1,000; an award under U.S.C. §1692k(a)(1) of actual damages for emotional distress in the amount of $25,000; and an award under U.S.C. §1692k(a)(3) of attorneys' fees and costs in the amount of $60,310.86. (Doc. #79). That request is supported by Plaintiff's sworn declaration attesting to the nature and effect of her interactions with representatives of ICS (*id.*, Exh. 1); a copy of Plaintiff's fee agreement with the law firm that represented her in this matter (*id.*, Exh. 2); a copy of an itemized billing statement detailing the time expended by that

---

[1] Although EveryBody Fitness initially appeared as both a Defendant and a Counterclaimant in this action, any remaining claims between Plaintiff and EveryBody were dismissed with prejudice on July 30, 2018. (Doc. #35). Accordingly, only Plaintiff's claims against ICS have remained since that date.

law firm in representing Plaintiff as to this matter (*id.*, Exh. 3); and a copy of an itemized statement of costs incurred by Plaintiff in litigating this matter. (*Id.*, Exh. 4).

## Analysis

*a. Law re Damages under the Fair Debt Collection Practices Act*

Pursuant to 15 U.S.C. § 1692k, any debt collector who fails to comply with FDCPA provisions is liable to an affected individual in an amount equal to the sum of "any actual damage sustained by such person as a result of such failure," as well as "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1), (2)(A). The court also is to award a successful FDCPA plaintiff "the costs of the action, together with a reasonable attorney's fee."  15 U.S.C. § 1692k(a)(3). Factors to be considered by the court in determining the amount of the debt collector's liability to an individual shall include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

*b. Plaintiff's statutory damages claim*

As set forth above, "[t]he maximum amount of statutory damages that may be awarded under FDCPA is $1000 per proceeding." *Grimm v. GPG Processing, LLC*, No. 2:18-CV-1522, 2019 WL 4508921, *2 (S.D. Ohio Sept. 19, 2019),[i] citing *Mann*

v. *Acclaim Fin. Servs., Inc.*, 348 F. Supp. 2d 923, 926 (S.D. Ohio 2004). Courts have found that an award of the full amount available under the statute is warranted when, for example, debt collectors erroneously suggest that an individual is subject to criminal prosecution for failure to pay. *See id.*, citing *Whaley v. Asset Mgmt. Servs. Grp., LLC*, No. 2:16-CV-375, 2016 WL 6134169, at *2 (S.D. Ohio Oct. 21, 2016); *Harding v. Check Processing, LLC*, No. 5:10CV2359, 2011 WL 1097642, at *2-3 (N.D. Ohio Mar. 22, 2011).

Here, Plaintiff's uncontested declaration establishes that ICS violated the FDCPA in multiple respects during its collection efforts against Plaintiff. (*See* Doc. #79, Exh. 1). Moreover, that document attributes particularly egregious conduct to ICS's principal, "Mr. Lachman," during two telephone conversations with Plaintiff, including misrepresentations about the possibility of "jail time" and the unprovoked use of coarse and derogatory language directed toward Plaintiff. (*See id.*, ₱₱17-20). Under these circumstances, the Court determines that imposition of the maximum statutory penalty is appropriate.

Plaintiff therefore is awarded $1,000 in statutory damages against ICS.

c. *Plaintiff's actual damages claim*

Plaintiffs may recover actual damages incurred as a result of a defendant's failure to comply with the FDCPA. 15 U.S.C. § 1692k(a)(1). District courts within Ohio have held that actual damages include not only out-of-pocket expenses, but also

damages for emotional distress. *See, e.g., Grimm*, 2019 WL 4508921, at *2, citing *Rainier v. Law Offices of John D. Clunk Co., L.P.A.*, No. 2:13-CV-1173, 2017 WL 9439263, *11 (S.D. Ohio Sept. 22, 2017) ("[c]ourts in this Circuit generally allow recovery for emotional distress damages under the FDCPA"); *Whaley,* 2016 WL 6134169, at *1 ("In addition to an award for pecuniary damages, the FDCPA permits recovery of actual damages for emotional distress, including humiliation, embarrassment, mental anguish, and emotional distress.").

Although the Sixth Circuit Court of Appeals apparently has not squarely addressed that issue, in what appears to be its most recent comment on the subject, that Court neutrally cited to cases within this Circuit that have permitted a plaintiff "to recover emotional-distress damages [from] a debt collector . . ." *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 863 (6th Cir. 2020), citing *Smith v. Reliant Grp. Debt Mgmt. Sols.*, No. 16-10325, 2018 WL 3753976, at *3 (E.D. Mich. Aug. 8, 2018) (where defendant made repeated phone calls to collect disputed debt and suggested that plaintiff had committed a felony and warrant was about to issue for plaintiff's arrest); *Link v. Recovery Sols. Grp., L.L.C.*, No. 17-cv-10844, 2018 WL 1980657, at *5 (E.D. Mich. Apr. 27, 2018) (where debt collector threatened to seize plaintiff's personal property and press criminal charges if plaintiff did not pay within 24 hours). Consequently, the Sixth Circuit seems to have implicitly approved

awarding damages for emotional distress under the FDCPA when circumstances warrant such.

Furthermore, a majority of district courts in this Circuit have concluded that the FDCPA "does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress [in order] to recover actual damages for emotional distress under 15 U.S.C. § 1692k(a)." *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 971 (N.D. Ohio 2008); *see also Grimm* at *3, citing *Whaley* at *1. A plaintiff's testimony may be enough to establish emotional distress damages provided that a reasonable explanation is offered about the circumstances of the distress. *Id*. Still, a plaintiff must show "more than transitory symptoms of emotional distress," and also must "explain the circumstances of the injury in reasonable detail." *Miller v. Prompt Recovery Servs., Inc.*, No. 5:11CV2292, 2013 WL 3200659, at *13 (N.D. Ohio June 24, 2013).

A plaintiff may not "rely on conclusory statements" unless the "facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Davis* at 976. Where there is a "limited record" consisting of evidence indicating that something "at least in some small degree 'inherently degrading' to the plaintiff" occurred, damages should be awarded to "sufficiently compensate plaintiff for the emotional distress she suffered." *Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 9849810, *2

(S.D. Ohio Nov. 18, 2020), quoting *Harding v. Check Processing, LLC*, No. 5:10CV2359, 2011 WL 1097642, *3 (N.D. Ohio Mar. 22, 2011).

In this instance, Plaintiff claims that ICS erroneously inflated the amount of the debt she owed, and that Defendant's representatives also failed to identify themselves as debt collectors during at least three telephone conversations with her. (Doc. #79, Exh 1). More disturbingly, however, Plaintiff describes ICS's principal's making threats of "possible jail time" and calling her a "brat" and a "bitch" during two of those calls. (*Id.*). Even without the evidence Plaintiff offers of her particular sensitivity to profanity due to her "traditional Christian values" (*id.*, PP5-7), Lachman's gratuitous use of foul and derogatory language would qualify as "inherently degrading" to Plaintiff, thus supporting a reasonable inference that she suffered emotional distress as a result of those actions. See *Davis* at 976; *Searcy* at *2.

While the Court therefore concludes that Plaintiff has demonstrated her entitlement to some award of damages for emotional distress, the evidence does not support an award of the $25,000 amount that Plaintiff suggests. Notably, as recounted by Plaintiff, Defendant's name-calling and threats were limited to two telephone calls. Although Plaintiff credibly attests that those calls caused her some measure of humiliation and embarrassment as well as anxiety about the effect on her new marriage and her credit rating (Doc. #79, Exh. 1, PP16-21), the evidence

establishes that Plaintiff retained legal counsel soon thereafter (id., ¶27), presumably quelling any ongoing fears about criminal prosecution. Further, there is no suggestion that ICS violated Plaintiff's privacy by disseminating information about her debt to her husband or other family members, as occurred in some cases where emotional distress damages were awarded. *See, e.g.*, *Grimm*, 2019 WL 4508921, at *2 (awarding $15,000 for emotional distress where debt collector disclosed plaintiff's debt to her mother-in-law and continued to call and threaten both plaintiff and mother-in-law even after debt was settled, requiring plaintiff to undertake therapy and increase Zoloft dosage for anxiety caused); *Searcy*, 2020 WL 9849810, at *1, 2 (awarding $2,000 for emotional distress where debt collector left false message about lawsuit against plaintiff on phone of plaintiff's "especially vulnerable" 96-year-old father).

Under the circumstances presented here, where any overtly harassing conduct was limited to two telephone conversations and there is no evidence that Plaintiff required medical treatment or that her marriage suffered, the Court determines that an award of $10,000 for emotional distress is more in line with the amounts awarded in comparable cases. Plaintiff thus is entitled to actual damages in that reduced amount.

    d.  *Plaintiff's attorneys' fees and costs claim*

The FDCPA mandates the award of "a reasonable attorney's fee" and costs to a prevailing party. *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009), citing 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas,* 109 F.3d 302, 307 (6th Cir. 1997). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004), quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999). Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This product has come to be known as the "lodestar." *Garner v. Cuyahoga County Juvenile Court,* 554 F.3d 624, 642 (6th Cir. 2009).

Courts operate under a "strong presumption" that the lodestar "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). However, if the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result. *DiLaura v. Twp. of Ann Arbor,* 471 F.3d 666, 672 (6th Cir. 2006).

The attachments to Plaintiff's declaration demonstrate that the attorneys representing Plaintiff in this matter expended a total of 149.05 hours on this litigation at rates varying from $245 to $395 per hour. (Doc. #79, Exh. 3).[2] Absent any

---

[2] Attorney Sean M. Kohl    120.45 hours    x    $395/hour = $47,577.75

objection from Defendant, the Court determines that both the stated time expended and the hourly rates charged are reasonable. This calculation results in "lodestar" attorneys' fees of $57,532.25.

Similarly, the Court determines that the hours expended by the law firm's paralegal staff and the hourly rates charged for those paralegal services likewise are reasonable. (*Id.*).[3] "Fees for paralegal services are recoverable, as the term 'attorney fees' embraces fees of paralegals as well as attorneys." *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 916701, *15 (N.D. Ohio Mar. 10, 2016), *aff'd*, 705 F. App'x 376 (6th Cir. 2017), citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580, 128 S. Ct. 2007, 170 L. Ed. 2d 960 (2008); *see also Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 WL 5023950, *5 (S.D. Ohio Oct. 17, 2018) (including time for paralegal services in attorney fee award). The paralegal time included on the itemized billing statement for Plaintiff's case totaled 13.3 hours at rates ranging from $80 to $125 per hour. That resulted in an additional fee request of $1,385.

---

| | | | | |
|---|---|---|---|---|
| Attorney Andrew J. Gerling | 27.90 hours | x | $350/hour = | 9,765.00 |
| Attorney Emily Valandingham | .10 hours | x | $345/hour = | 34.50 |
| Attorney Timothy Cook | .20 hours | x | $245/hour = | 49.00 |
| | .40 hours | x | $265/hour = | 106.00 |
| | 149.05 hours | | | $57,532.25 |
| | | | | |
| [3] Various support staff | 1.60 hours | x | $125/hour = $ | 200.00 |
| | .40 hours | x | $100/hour = | 40.00 |
| | 11.80 hours | x | $ 95/hour = | 1,121.00 |
| | .30 hours | x | $ 80/hour = | 24.00 |
| | 14.10 hours | | | $ 1,385.00 |

Combining that $1,385 request with the $57,532.25 requested for time expended by Plaintiffs' attorneys, the Court determines that $58,917.25 represents a reasonable fee award in this matter. Although that figure may seem high for what appear to be straightforward FDCPA claims that resulted in a significantly lower award of actual damages to the successful Plaintiff, the Court notes that this matter remained active on this Court's docket for more than four years, due in large part to Defendant ICS's resistance to resolution and multiple changes of counsel. Accordingly, the volume of attorney's fees is largely a product of Defendant's own conduct. A fee award of $58,917.25 therefore is appropriate in this instance.

Finally, Plaintiff requests that she be awarded costs in the amount of $1,393.61, representing deposition, postage, and photocopying expenses. (Doc. #79, Exh. 6). Again, absent any objection from Defendant, the Court finds that the itemized statement submitted by Plaintiff appears to be a legitimate tally of reasonable and necessary costs incurred by Plaintiff relative to this action. Plaintiff thus is awarded $1,393.61 in costs, for a total award of attorneys' fees and costs in the amount of $60,310.86.

## Conclusion

For the foregoing reasons, Plaintiff's Application for Damages and Award of Attorneys Fees and Costs (Doc. #79) hereby is GRANTED in part. Plaintiff is awarded statutory damages in the amount of $1,000; emotional distress damages in

the amount of $10,000; attorneys' fees in the amount of $58,917.25; and costs in the amount of $1,393.61; for a total award in favor of Plaintiff Megan Pastian and against Defendant Internal Credit Systems, Inc. in the amount of $71,310.86.

Accordingly, the Court hereby ENTERS JUDGMENT against Internal Credit Systems, Inc. in the total amount of $71, 310.86.

October 8, 2021                                    *s/Sharon L. Ovington*
                                                         Sharon L. Ovington
                                                         United States Magistrate Judge

---

[i] Report and recommendation adopted at No. 2:18-CV-1522, 2019 WL 4958073 (S.D. Ohio Oct. 8, 2019).